# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY POCHAN, on behalf of himself and all others similarly situated,** | : | *Electronically filed* |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Case No.: 2:23-cv-01138-MJH** |
| | : | |
| **UHG I LLC, and WELTMAN WEINBERG & REIS CO LPA,** *both jointly and severally*, | : | **FIRST AMENDED CLASS ACTION** |
| | : | **COMPLAINT** |
| | : | |
| | : | |
| **Defendants.** | | |

Filed on Behalf of Plaintiff:
Jeremy Pochan

Counsel of Record for this Party:

**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

Travis A. Gordon
Pa. I.D. No. 328314

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:      (412) 545-3015
Fax No.:          (412) 540-3399
E-mail:           tgordon@jpward.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEREMY POCHAN, on behalf of themselves and all others similarly situated,** | : *Electronically filed*<br>:<br>:<br>: |
| **Plaintiffs,** | :<br>: |
| **v.** | : **Case No.: 2:23-cv-01138-MJH**<br>: |
| **UHG I LLC, and WELTMAN, WEINBERG & REIS CO LPA,** *both jointly and severally*, | :<br>:<br>: |
| **Defendants.** | |

## FIRST AMENDED CLASS ACTION COMPLAINT

AND NOW, comes Plaintiff, Jeremy Pochan, on behalf of the prospective class, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Travis A. Gordon, Esq., who file the within Amended Class Action Complaint against Defendants, UHG I LLC and Weltman, Weinberg & Reis Co LPA (collectively "Defendants"), both jointly and severally, of which the following is a statement:

## INTRODUCTION

1.      Plaintiff brings this action to recover damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4, *et seq.* (hereinafter, the "PFCEUA"), the Uniform Trade Practices and Consumer Protection Law, 73 P.S. § 201-2, *et seq.* (hereinafter, the "PFCEUA"), and under Pennsylvania Common Law theories of negligence and invasion of privacy.

2.     Defendants willfully and purposely made use of unfair or unconscionable means in collection or attempted collection of any debt in violation of 15 U.S.C.A. § 1692f of the FDCPA by filing debt collection lawsuits against consumers and disclosing confidential financial source documents on public dockets capable of identifying said consumers as alleged debtors and availing Plaintiff to identity theft.

3.     Plaintiff alleges that the Defendants willfully and purposefully made use of false, deceptive, and fraudulent representation in the attempted collection of a debt in violation of 15 U.S.C.A. § 1692e(10) by falsely certifying compliance with the Public Access Policy of the Unified Judicial System of Pennsylvania that requires counsel to file confidential information differently than non-confidential information.

4.     Plaintiff and Class Members suffered actual damages because of Defendants' actions, as Plaintiff has spent, and will need to spend, considerable time and money to protect themselves as a result of Defendants' conduct. Therefore, Defendants also violated Pennsylvania's analogous FDCPA statute, the PFCEUA and the UTPCPL.

5.     Defendants' negligent actions and omissions caused Plaintiff and members of the proposed Class to incur damages relating to identify theft, unauthorized financial transactions, and fraudulent creation of credit/banking accounts and placed Plaintiff and members of the proposed Class at an increased and imminent risk of becoming victims of identify theft crimes, fraud and abuse.

6.     Defendants' failure to adopt and maintain sufficient security measures and practices caused the unauthorized invasion and disclosure of Plaintiff's and the members of the proposed Class' protected information.

7.     Plaintiff seeks, for himself and those similarly situated, actual damages, including emotional distress damages, consequential damages, statutory and punitive damages pursuant to 15 U.S.C.A. §1692k(a), statutory and treble damages pursuant to 73 P.S. § 201-9.2(a), costs and attorney's fees pursuant to 15 U.S.C.A. § 1692k(a) and 73 P.S. § 201-9.2(a), and injunctive relief.

## SUMMARY OF CLAIMS

8.     Plaintiffs bring this action as a class action to seek damages pursuant to the FDCPA, PFCEUA, UTPCPL, and under Pennsylvania Common Law theories of negligence and invasion of privacy.

9.     Specifically, Plaintiff brings this class action on behalf of himself, and the following similarly situated persons ("Class A Members") pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All individuals who suffered actual damages in Pennsylvania to whom Defendant utilized "Financial Source Documentation" as defined within 213 Pa. Code 203.81 as exhibits to its pleadings whereupon Defendant failed to employ the proper redaction or protection methods to shield access, both physical and electronic, to said Financial Source Documentation thereby exposing the information contained therein to the public and whereupon Defendant falsely certified compliance with 213 Pa. Code 203.81 indicating that Defendant had employed proper redaction methods.

10.     Also, Plaintiff brings a subclass ("Class B Members") on behalf of the following similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure, who did not suffer any actual damages:

> All individuals in Pennsylvania to whom Defendant utilized "Financial Source Documentation" as defined within 213 Pa. Code 203.81 as exhibits to its pleadings whereupon Defendant failed to employ the proper redaction or protection methods to shield access, both physical and electronic, to said Financial Source Documentation thereby exposing the information contained therein to the public and whereupon Defendant falsely certified compliance with 213 Pa. Code 203.81 indicating that Defendant had employed proper redaction methods.

11.     Plaintiff alleges on behalf of himself and the Classes that they are entitled to actual and statutory damages and costs and attorney's fees from Defendants pursuant to the to the FDCPA, PFCEUA, UTPCPL, and under Pennsylvania Common Law theories of negligence and invasion of privacy.

## PARTIES

12.     Plaintiff, Jeremy Pochan (hereinafter "Jeremy Pochan"), is an adult individual who currently resides at 23 Little Deer Creek Road, Cheswick, PA 15024.

13.     Defendant, UHG I LLC, (hereinafter "UHG"), is a corporation with its principal place of business located at 6400 Sheridan Drive, Suite 138, Williamsville, NY 14221.

14.     Defendant, Weltman, Weinberg & Reis CO., L.P.A., (hereinafter, "Weltman Weinberg & Reis"), is a corporation with its principal place of business located at 436 7th Ave, STE 2500, Pittsburgh, PA 15219-1842.

## JURISDICTION AND VENUE

15.     Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA").

16.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred within the Western Pennsylvania judicial district and because Defendants are subject to the court's personal jurisdiction with respect to the instant civil action.

## ALLEGATIONS OF FACT

17.     On 2/21/2023, UHG I, by and through Weltman, Weinberg & Reis, filed a Complaint in Civil Action against the Plaintiff in the Court of Common Pleas of Allegheny

County, PA at Docket Number AR-23-000796. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

18.     The Complaint disclosed Plaintiff's private financial information. A true and correct copy of the Complaint is attached hereto, made a part hereof, and marked as Exhibit "B".

19.     UHG I, by and through Weltman, Weinberg & Reis, failed to properly utilize a confidential document form necessary to shield and prevent the disclosure of this private financial information. See Exhibit "B".

20.     UHG I and Weltman, Weinbeg & Reis are aware of the proper procedures for filing a confidential document form and have been named in similar complaints in the past, therefore the Defendants have actual knowledge of the required filing procedures.

21.     UHG I, by and through Weltman, Weinberg & Reis, failed to otherwise redact the confidential information contained within credit card statements contained within the exhibits. See Exhibit "B".

22.     This confidential information took the form of a Borrower Agreement pertaining to an alleged debt capable of identifying Plaintiff as a debtor.

23.     The Third Circuit has found that information capable of identifying an individual as a debtor constitutes impermissible language or symbols sufficient for liability under 15 U.S.C.A. § 1692f(8) of the FDCPA. See *Douglass v. Convergent Collections*, 765 F.3d 299 (3d. Cir. 2014).

24.     Therefore, upon submitting the abovementioned and unredacted exhibits to the Amended Complaint, UHG I and Weltman, Weinberg & Reis utilized impermissible language or symbols in violation of 15 U.S.C.A. § 1692f(8) of the FDCPA.

25.     In filing the Complaint, Weltman, Weinberg & Reis certified compliance through the e-filing platform on the Allegheny County Department of Court Records "with the provisions

of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents."

26.     The language of this compliance paragraph refers to the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania 204 Pa. Code § 213.81 which mandates the protection of identified confidential documentation and information. Section 204 Pa. Code. § 213.81.

27.     204 Pa. Code § 213.81 Section 8(A) states "the following documents are confidential and shall be filed with a court or custodian under a cover sheet designated 'Confidential Document Form': 1. Financial Source Documents." *Id*.

28.     204 Pa. Code. § 213.81 Section 1(J) defines "financial source documents" to include "credit card statements;" "financial institution statements;" and "loan application documents." *Id*.

29.     Furthermore, 204 Pa. Code § 213.81 states that "parties and their attorneys shall be solely responsible for complying with the provisions of this section." *Id*.

30.     The exhibits attached to the Amended Complaint filed in the Court of Common Pleas of Allegheny County contain a Borrower Agreement attributing the accrual of an alleged debt to Plaintiff. See Exhibit "B".

31.     The exhibits attached to the Complaint qualify as loan application documents necessitating the inclusion of a Confidential Document Form.

32.     Therefore, UHG, by and through Weltman, Weinberg & Reis, failed to comply with 204 Pa. Code § 213.81.

33.     The certification of compliance by UHG, by and through Weltman, Weinberg & Reis, falsely indicated compliance with the abovementioned statute and thereby constituted a false, deceptive, and fraudulent representation in the attempted collection of any debt in violation of 15 U.S.C.A. § 1692e(10).

34.     Furthermore, the abovementioned Borrower Agreement is capable of identifying Plaintiff as a debtor.

35.     The Third Circuit has found that information capable of identifying an individual as a debtor constitutes impermissible language or symbols sufficient for liability under 15 U.S.C § 1692f(8) of the FDCPA. See *Douglass v. Convergent Collections*, 765 F.3d 299 (3d. Cir. 2014).

36.     By disclosing information capable of identifying Plaintiff as a debtor, UHG, by and through Weltman, Weinberg & Reis, further violated 15 U.S.C.A. § 1692f(8).

37.     Upon releasing confidential information, by making it available to public access through electronic or in-person means, associated with Plaintiff, UHG, by and through Weltman, Weinberg & Reis, utilized unfair and unconscionable means in connection with the collection of any debt and thereby violated 15 U.S.C.A. § 1692f.

38.     Defendants had a duty to protect the private, highly sensitive, confidential personal and financial information of Plaintiff and the members of the proposed Class.

39.     Defendants failed to utilize proper confidential information protocols to safeguard the private information of Plaintiff and members of the proposed Class.

40.     Defendants' failure to utilize proper protocols to secure private financial information and protect against the theft of the personal and financial information of Plaintiff's and members of the proposed Class has put members of the proposed Class at an increased and

imminent risk of becoming victims of identity theft crimes, fraud and abuse, both now and into the future.

41.     In addition, Plaintiff has spent, and will need to spend, considerable time and money to protect themselves as a result of Defendants' conduct.

42.     As a result of Defendants' negligence, willful, wanton, oppressive, outrageous and intentional conduct, Plaintiff and the members of the proposed Class, have suffered actual damages, annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

## CLASS ALLEGATIONS

43.     Plaintiff brings this action on behalf of himself and the Class pursuant to the FDCPA, PFCEUA, UTPCPL, common law, and Rule 23 of the Federal Rules of Civil Procedure.

44.     Excluded from the Class are Defendants, UHG and Weltman, Weinberg & Reis, as well as their past and present officers, employees, agents, or affiliates, any judge who presides over this action, and any attorneys who enter their appearance in this action.

45.     Plaintiff reserves the right to expand, limit, modify, or amend the Class's definitions, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

46.     Questions of law and fact common to the Class predominate over any issues involving only individual class members. The primary issues concern: Defendants' affirmative false certification of compliance with 203 Pa. Code 213.81 and whether said affirmative and false certification constituted the employment of false and misleading representations in violation of 15 U.S.C. § 1692e(10) of the FDCPA; Defendants' use and employment of confidential information associated with Plaintiffs and whether said use and employment constituted the use

of impermissible symbols of 15 U.S.C. § 1692f(8) of the FDCPA; Defendants' exposure of Plaintiffs' confidential information and whether said exposure constituted the use of unfair and unconscionable means in violation of 15 U.S.C. § 1692f of the FDCPA.

47. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and Fed. R. Civ. P. 23 because of a well-defined public interest in this litigation:

48. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable because there are hundreds of persons Defendants have named in civil Complaints that improperly disclose private financial information.

49. The identities of all class members are readily ascertainable from the records of Defendant and those individuals to whom Defendants have instigated litigation against within the Commonwealth of Pennsylvania. Further, the identities of all class members are readily ascertainable from the pleadings that Defendants have filed containing confidential information, as defined by 213 Pa. Code. 203.81, which lack the employment of redaction and protection measures necessary to shield the confidential information contained therein.

50. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves questions of law and fact that are common to the class members and predominate over questions affecting only individual Class Members. Defendants' liability and the fact of damages is common to Plaintiff and each member of the Class. Such common questions include, but are not limited to:

a. Whether Defendants' false certification of compliance with 203 Pa. Code 213.81 constituted the employment of a false and misleading representation in connection with the collection of any debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

b. Whether Defendants' use and exposure of Plaintiffs' confidential information constituted the use of impermissible symbols in violation of 15 U.S.C. § 1692f(8) of the FDCPA.

c. Whether Defendants' exposure of Plaintiffs' confidential information constituted the use of unfair and unconscionable means in violation of 15 U.S.C. § 1692f of the FDCPA;

d. Whether Defendants owed a legal duty to Plaintiff and the proposed members of the Class to protect their personal and financial information and whether Defendants breached this duty;

e. Whether the conduct of Defendants resulted in the unauthorized release of the personal and financial data of Plaintiff and the proposed members of the Class;

f. Whether Plaintiff and the members of the proposed Class have been injured by Defendants' conduct;

g. Whether Plaintiff and members of the proposed Class are at an increased risk of identify theft as a result of Defendants' failure to protect the personal and financial information of Plaintiff and the proposed Class members;

h. Whether Defendants were negligent;

i. Whether Plaintiffs and the Class are entitled to relief in the forms, including but not limited to, declaratory or injunctive in nature.

51.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).** The Plaintiffs' claims are typical of the other class members' claims because, among other things, all class members were comparably injured. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

52.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff intends to prosecute this action vigorously; and Plaintiff's counsel has adequate financial means to vigorously pursue this action and ensure the interests of the classes will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

53.     **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a representative class action, members of the Class would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendants. The proposed Class thus satisfies the requirements of Fed. R. Civ. P. 23(b)(1).

54.     **Superiority − Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and

no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class Members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class Members to individually seek redress for Defendants' wrongful conduct. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

55.      **Ascertainability** – all members of the proposed class are ascertainable. Defendants have access to Class Members' names and addresses affected by the Defendants' wrongful conduct described herein.

<u>**COUNT I**</u>
**VIOLATIONS OF THE FDCPA, 15 U.S.C.A. § 1692,** *et seq*.

*Plaintiff and Class A&B Members v. UHG I LLC and Weltman, Weinberg & Reis Co. L.P.A.,*
*both jointly and severally*

56.      Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

57.      There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C.A. 1692(a).

58.      The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692(e).

59. Furthermore, the FDCPA prohibits debt collectors from utilizing "false, deceptive, or misleading representation or means in connection with the collection of any debt" 15 U.S.C.A. § 1692e.

60. Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA.

61. UHG I is a "debt collector" as defined by § 1692a(6) of the FDCPA.

62. Weltman, Weinberg & Reis is a "debt collector" as defined by § 1692a(6) of the FDCPA.

63. Upon information and belief, the alleged "debt[s]" arise out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C § 1692a(5).

64. The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

65. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> 15 U.S.C.A. § 1692e of the FDCPA

66.     On 2/21/2023, UHG I, by and through Weltman, Weinberg & Reis, filed a Complaint in Civil Action with accompanying exhibits in support. See Exhibit "B".

67.     Within the Complaint, UHG I, by and through Weltman, Weinberg & Reis, certified compliance "with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents."

68.     The language of this compliance paragraph refers to the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania 204 Pa. Code § 213.81.

69.     Attached to the Complaint are loan application documents in the form of a Borrower Agreement pertaining to an alleged debt. See Exhibit "B".

70.     Lacking from the Complaint, the filings, and the docket are any semblance of the mandated Confidential Document Form necessary to shield the disclosure of loan application documents from public access in accordance with 204 Pa. Code § 213.81. See Exhibits "A", "B".

71.     By failing to prevent the disclosure of these statutorily protected materials, Weltman, Weinberg & Reis failed to comply with 204 Pa. Code § 213.81.

72.     UHG I, by and through Weltman, Weinberg & Reis, therefore employed false, deceptive, and misleading representations or means upon falsely indicating compliance with 204 Pa. Code § 213.81 despite an evident lack thereof in violation of 15 U.S.C.A. § 1692e of the FDCPA.

73.     UHG I, by and through Weltman, Weinberg & Reis, therefore utilized false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C.A. § 1692e(10) of the FDCPA.

74.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

75.     Here, the only natural consequence of UHG I and Weltman, Weinberg & Reis's acts of willfully failing to protect financial source documents associated with Plaintiff was to harass, oppress, or abuse Plaintiff.

76.     As such, UHG I and Weltman, Weinberg & Reis's conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

77.     Section 1692k(a) of the FDCPA provides, in relevant part:

>   …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C.A. § 1692k(a) of the FDCPA.

78.     As a direct and proximate result of Defendants' violations of the FDCPA, as set forth above, Plaintiff has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

79.     Defendants' actions were intentional, willful, wanton and done in reckless indifference to the rights of others, such that the imposition of punitive damages is warranted.

WHEREFORE, Jeremy Pochan, Plaintiff, on behalf of the prospective Classes, respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, UHG I LLC and Weltman, Weinberg & Reis Co, L.P.A., and enter an award of monetary damages as

described herein, including an award for actual damages, statutory damages, costs and attorney fees pursuant to 15 U.S.C.A. §1692k(a), punitive damages, and such other and further relief as this Honorable Court deems just and proper.

**COUNT II**
**VIOLATIONS OF THE FDCPA, 15 U.S.C.A. § 1692, *et seq*.**

*Plaintiff and Class A&B Members v. UHG I LLC and Weltman, Weinberg & Reis Co., L.P.A.,*
*both jointly and severally*

80.     Plaintiffs incorporate the allegations contained in the paragraphs, above, as if fully set forth at length herein.

81.     The FDCPA was created to combat the "use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C.A. § 1692a of the FDCPA. The "[A]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of individual privacy*." (emphasis added). *Id.*

82.     The FDCPA prohibits the use of unfair or unconscionable means in collection or attempted collection of any debt. 15 U.S.C.A. § 1692f of the FDCPA.

83.     The Third Circuit has held that the FDCPA protects consumers' identifying information and disclosure of account numbers constitutes impermissible language or symbols under 15 U.S.C.A. § 1692f(8) of the FDCPA. *Douglass v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014).

84.     The Third Circuit found an account number akin to "a piece of information capable of identifying Douglass as a debtor" and identified the disclosure of such as possessing "the potential to cause harm to a consumer that the FDCPA was enacted to address." *Id.*

85.     Furthermore, the Third Circuit found the FDCPA to proscribe, under 15 U.S.C.A. § 1692f(8), potentially harassing and embarrassing language and also consumers' identifying information. *Id.* at 306.

86.     Section 1692f of the FDCPA provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

> 15 U.S.C.A. § 1692f

87.     On or about 2/21/2023, UHG I, by and through Weltman, Weinberg & Reis, filed a Complaint that disclosed Plaintiff's private financial information. See Exhibit "B".

88.     This confidential information took the form of a Borrower Agreement pertaining to an alleged debt attributed to Plaintiff and capable of identifying Plaintiff as a debtor.

89.     UHG I, by and through Weltman, Weinberg & Reis, failed to properly utilize a confidential document form necessary to shield and prevent the disclosure of this private financial information. See Exhibit "B".

90.     UHG I and Weltman, Weinberg & Reis are aware of the proper procedures for filing a confidential document form and have been named in similar complaints in the past, therefore the Defendants have actual knowledge of the required filing procedures.

91.     UHG I, by and through Weltman, Weinberg & Reis, failed to otherwise redact the confidential information contained within the Borrower Agreement contained within the exhibits. See Exhibit "B".

92. This confidential information took the form of a Borrower Agreement pertaining to an alleged debt capable of identifying Plaintiff as a debtor.

93. The Third Circuit has found that information capable of identifying an individual as a debtor constitutes impermissible language or symbols sufficient for liability under 15 U.S.C.A. § 1692f(8) of the FDCPA. See *Douglas v. Convergent Collections*, 765 F.3d 299 (3d. Cir. 2014).

94. Therefore, upon submitting the abovementioned and unredacted exhibits to the Court of Common Pleas of Allegheny County, Weltman, Weinberg & Reis utilized impermissible language or symbols in violation of 15 U.S.C.A. § 1692f(8) of the FDCPA.

95. The FDCPA was created to proscribe abusive, deceptive, and unfair debt collection activities of precisely this type. 15 U.S.C.A. § 1692a of the FDCPA.

96. The disclosure of the Borrower Agreement and Financial Source Documents associated with Plaintiff further constituted an unfair or unconscionable means to collect or attempt to collect any debt as this information is inherently harassing or embarrassing in nature and the exposure thereof constitutes a violation of 15 U.S.C.A. § 1692f.

97. Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

98. Here, the only natural consequence of Defendants' acts of willfully disclosing confidential information associated with Plaintiff was to harass, oppress, or abuse Plaintiff.

99. As such, Defendants' conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

100. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this
> subchapter with respect to any person is liable to such person in an

amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C.A. § 1692k(a).

101.    As a direct and proximate result of Defendants' violations of the FDCPA, as set forth above, Plaintiff has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

102.    Defendants' actions were intentional, willful, wanton and done in reckless indifference to the rights of others, such that the imposition of punitive damages is warranted.

WHEREFORE, Jeremy Pochan, Plaintiff, on behalf of the prospective Classes, respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, UHG I LLC and Weltman, Weinberg & Reis Co, L.P.A., and enter an award of monetary damages as described herein, including an award for actual damages, statutory damages, costs and attorney fees pursuant to 15 U.S.C.A. §1692k(a), punitive damages, and such other and further relief as this Honorable Court deems just and proper.

## COUNT III
**VIOLATIONS OF THE PFCEUA 73 P.S. § 2270.4, *et seq.***
**VIOLATIONS OF THE UTPCPL 733 Pa. Stat. § 201-1, *et seq.***
*Plaintiff and Class A Members v. UHG I LLC and Weltman, Weinberg & Reis Co., L.P.A., both jointly and severally*

103.    Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

104.     The PFCEUA is Pennsylvania's analogous FDCPA statute.

105.     Defendants are "Debt Collectors" as defined by the act. 73 P.S. § 2270.3.

106.     Plaintiff and the Class are "Consumers" as defined by the Act. 73 P.S. § 2270.3.

107.     The Act states that, for debt collectors, "It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act." 73 P.S. § 2270.4(a).

108.     Defendants violated the FDCPA, and Plaintiff and Class A Members have suffered actual damages due to Defendants' actions, as described at length *Supra*, and therefore violated the PFCEUA.

109.     Plaintiff and Class A Members are "Persons" as defined by the UTPCPL. 73 P.S. § 201-2(2).

110.     PFCEUA § 2270.5 (a) states, "[i]f a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of . . . the Unfair Trade Practices and Consumer Protection Law."

111.     The UTPCPL § 201-9.2 states that a plaintiff "may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

112.     Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit.

Such actual damages may be assessed and trebled at the discretion of the court, in additional to such other relief as deemed just and proper.

113.    Defendants' actions were willful, wanton, oppressive, outrageous, and intentional. Therefore, the imposition of punitive damages is appropriate in this case.

WHEREFORE, Jeremy Pochan, Plaintiff, on behalf of the prospective Classes, respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, UHG I LLC and Weltman, Weinberg & Reis Co, L.P.A., and enter an award of monetary damages as described herein, including an award for actual damages, emotional distress damages, statutory damages, treble damages, costs and attorney's fees pursuant to 73 Pa. C.S.A. § 201-9.2, and such other and further relief as this Honorable Court deems just and proper.

## COUNT IV
## NEGLIGENCE

*Plaintiff and Class A&B Members v. UHG I LLC and Weltman, Weinberg & Reis Co., L.P.A., both jointly and severally*

114.    Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

115.    Defendants had a duty to exercise reasonable care to protect and secure Plaintiff's and members of the proposed Class' personal and financial information of within their possession or control from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

116.    This highly confidential personal and financial information includes but is not limited to:

> Social Security numbers, dates of birth, bank or financial account numbers, driver's license or state identification card numbers, electronic signatures, medical record numbers, patient account numbers, patient control numbers, visit numbers, trip numbers,

> Medicare or Medicaid identification numbers, individual health insurance or subscriber numbers, group health insurance or subscriber numbers, medical benefits and entitlement information, disability access and accommodation, and information related to occupational-health, diagnosis, symptoms, treatment, prescription or medications, drug tests, billing or claims, and/or disability.

117. Defendants' duty included, among other things, designing, maintaining, and testing its security systems and business practices to ensure that the personal and financial information of Plaintiff's and members of the proposed Class in their possession was adequately secured and protected.

118. In light of the special relationship between Plaintiff and members of the proposed Class and Defendants, such that Defendants have initiated legal proceedings against Plaintiff and members of the proposed Class, Defendants undertook a duty of care to ensure the security of such information.

119. Through its acts or omissions, Defendants breached its duty to use reasonable care to protect and secure Plaintiff's and members of the proposed Class' personal and financial information within their possession or control. Defendants breached this duty by failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff's and members of the proposed Class' personal and financial information, and by actively releasing Plaintiff's and members of the proposed Class's personal and financial information through their failure to properly redact said information and properly utilize confidential document forms.

120. Defendants' failure to comply with widespread industry standards relating to data security and the proper procedures required to shield and prevent the disclosure of private financial information within court filings further evidence Defendants' negligence in failing to exercise reasonable care in safeguarding and protecting Plaintiff's and members of the proposed Class' personal and financial information of in their possession or control.

121. But for Defendants' wrongful and negligent breach of the duties owed to Plaintiff and the members of the proposed Class, the disclosure of private and financial information would not have occurred, and Plaintiff's and the members of the proposed Class' personal and financial information would not have been compromised.

122. The injury and harm suffered by Plaintiff and the members of the proposed Class was the reasonably foreseeable and probable result of Defendants' failure to exercise reasonable care in safeguarding and protecting Plaintiff's and members of the proposed Class's personal and financial information in their possession or control. Defendants knew or should have known that its systems and practices for processing and securing Plaintiff's and members of the proposed Class' personal and financial information had significant vulnerabilities.

123. As a result of Defendants' negligence, Plaintiff and the members of the proposed Class have incurred damages relating to identity theft, unauthorized financial transactions, and fraudulent creation of credit/banking accounts.

124. As a result of Defendants' negligence, Plaintff and the members of the proposed Class are at an increased and imminent risk of becoming victims of identify theft crimes, fraud and abuse.

125. Defendants actions were intentional, willful, wanton and done in reckless indifference to the rights of others, such that the imposition of punitive damages is warranted.

WHEREFORE, Jeremy Pochan, Plaintiff, on behalf of the prospective Classes, respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, UHG I LLC and Weltman, Weinberg & Reis Co, L.P.A., and enter an award of monetary damages as described herein, including an award for actual damages, emotional distress damages, punitive damages, costs, and such other and further relief as this Honorable Court deems just and proper.

## COUNT V
## INVASION OF PRIVACY

*Plaintiff and Class A&B Members v. UHG I LLC and Weltman, Weinberg & Reis Co., L.P.A., both jointly and severally*

126.     Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

127.     Plaintiff and the members of the proposed Class possessed a legitimate expectation of privacy in both their personal and financial information.

128.     Plaintiff and the members of the proposed Class were entitled to protection of said information from unauthorized access and exploitation.

129.     The unauthorized access and misuse of Plaintiff's and members of the proposed Class' personal and financial information is both highly offensive and objectional to a reasonable person.

130.     Defendants failed to adopt and maintain sufficient security measures and practices to prevent the unauthorized invasion and disclosure of Plaintiff's and members of the proposed Class' protected information.

131.     Plaintiff and the members of the proposed Class have suffered damage and will continue to suffer damage due to Defendants' conduct and failure.

132.     As a result of Defendants' negligence, Plaintff and the members of the proposed Class are at an increased and imminent risk of becoming victims of identify theft crimes, fraud and abuse.

133.     Defendants' actions were intentional, willful, wanton and done in reckless indifference to the rights of others, such that the imposition of punitive damages is warranted.

WHEREFORE, Jeremy Pochan, Plaintiff, on behalf of the prospective Classes, respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, UHG I LLC and Weltman, Weinberg & Reis Co, L.P.A., and enter an award of monetary damages as described herein, including an award for actual damages, emotional distress damages, punitive damages, costs, and such other and further relief as this Honorable Court deems just and proper.

## COUNT VI
### PERMANENT INJUNCTION ORDERING UHG I, LLC AND WELTMAN, WEINBERG & REIS CO., L.P.A. TO CURE THE ONGOING EXPOSURE OF PLAINTIFFS' CONFIDENTIAL INFORMATION
*Plaintiff and Class A&B Members v. UHG I LLC and Weltman, Weinberg & Reis Co., L.P.A., both jointly and severally*

134.    Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

135.    In order to establish a claim for a permanent injunction, the party must establish his or her clear right to relief. *Buffalo Twp. v. Jones*, 571 Pa. 637, 813 A.2d 659 (2002).

136.    The party need not establish either irreparable harm or immediate relief and a court "may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law." *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016) citing Buffalo Twp. at 663.

137.    A party must also show greater injury will result from refusing rather than granting the relief requested. *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016).

138.    In the case at hand, Plaintiff possesses clear rights to relief through §§ 1692d, 1692e, 1692e(10), 1692f, 1692f(8), and 1692k of the FDCPA.

139.     UHG I, by and through Weltman, Weinberg & Reis, affirmatively employed false and misleading representations in clear violation of the FDCPA by falsely certifying compliance with 204 Pa. Code 213 while willfully failing to comply with said statute.

140.     This false certification constituted a false and misleading representation in connection with the collection of any debt thus violating §§ 1692e, 1692e(10), and 1692d of the FDCPA.

141.     The course of conduct begetting the lack of compliance culminated in the publishing of confidential information associated with Jeremy Pochan capable of identifying him as an alleged debtor.

142.     The exposure of such information ultimately constituted an unconscionable mean in connection with the collection of any debt and constituted the use of impermissible symbols following *Douglass v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014) in violation of §§ 1692d, 1692f, and 1692f(8) of the FDCPA.

143.     In the case at hand, a permanent injunction is necessary to prevent the legal wrongdoing of UHG I and Weltman, Weinberg & Reis.

144.     As it stands, confidential information contained within documents taking the form of loan application documents has been published to the public at large.

145.     These documents, and subsequently the information therein, are available for viewing and downloading by the public at any given time.

146.     These documents can be utilized for a variety of purposes which all result in harm befalling Jeremy Pochan and said harm ranges from emotional distress to identity theft to an endless number of other circumstances.

147. No adequate redress at law exists outside curing the exposure of confidential information as nothing short of the requested cure will protect Jeremy Pochan's and Plaintiff Class' confidential information and mitigate the currently endless exposure.

WHEREFORE, Plaintiff, Jeremy Pochan, on their own behalf and on behalf of the Class Members, respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendants, UHG I LLC and Weltman, Weinberg & Reis Co., L.P.A., as follows: Ordering declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful conduct as set forth herein; Ordering injunctive relief as permitted by law or equity, including ordering Defendant to cure the ongoing and currently endless exposure of Plaintiff's confidential information;

## <u>REQUEST FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury on all matters so triable.


Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**


Date: August 31, 2023

By: */s/ Travis A. Gordon*
    Joshua P. Ward (Pa. I.D. No. 320347)
    Travis A. Gordon (Pa. I.D. No. 328314)

    J.P. Ward & Associates, LLC.
    The Rubicon Building
    201 South Highland Avenue
    Suite 201
    Pittsburgh, PA 15206
    Counsel for Plaintiff